MINER, Judge.
Appellant, Roger C. Haddix, appeals and appellee, City of Panama City (City) cross appeals a declaratory final judgment denying appellant attorney’s fees and determining that he is entitled to 9.11 years credit in the City’s police officers’ retirement plan for pri- or service but that he must pay into the plan the amount, without interest, that he would have been required to contribute to the plan from his salary if he had been employed by *802 the City during those prior years. We reverse on the points raised on appeal, rendering moot the point raised on cross-appeal.
On July 24, 1990, the City filed this action against appellant for declaratory relief, requesting the court to determine whether the City was required to contribute to its municipal police officers’ retirement fund, maintained pursuant to Chapter 185, Florida Statutes (1989), for appellant’s service as a police officer elsewhere in the state prior to his employment with the City as its police chief. Appellant testified that his entitlement under the City Code to prior service credit was an important consideration in his decision to accept the position of police chief for the City on October 25, 1985.
At trial and on appeal, the City claimed that it did not intend to grant prior service credit to any police officers, except those who were members of the pension fund of the City’s Police Department in 1947 when that fund was created by a special act of the Legislature. However, the City conceded, both below and on appeal, that appellant is entitled to prior service credit in accordance with the provisions of former Division 6, section 2-333 of the City Code. Accordingly, the trial court found that appellant is entitled to credit for the prior years of experience he had with the Metro Dade County Police and the Washington County Sheriffs Department.
In 1984, the City adopted Division 6, section 2-306 through 2-336 of the City Code governing the pension fund for city police officers. Section 2-333, which has since been repealed but was still in effect in October 1985, provided as follows:
Each and every person, upon the effective date of this division, who becomes a regular member of the police department, shall be given credit for the time that he has served as a peace officer in any city or county of the state of Florida, as a police officer, constable, deputy sheriff or sheriff, upon proof of such service to the Police Pension Board.
Section 2-306(b) provided that each member would pay into the pension fund “five percent (5%) of his salary, which shall be deducted by the City Clerk from his salary and deposited to the credit of said fund_” Section 2-306(c) provided that the City would contribute to the fund such sums actuarily determined to be necessary to provide the retirement benefits required. Further, section 185.35(1)(i) also requires the City to fund any actuarial deficiency which arises within the fund.
After conceding below that appellant is entitled to prior service credit, the City maintained that appellant should be required to make additional contributions to the fund to pay for benefits attributable to the prior service credit. In her final judgment, the trial judge correctly noted that section 2-333 is silent as to who is to fund for prior service credit and that the provisions of section 185.-35(l)(i), regarding the funding of retirement benefits, do not apply to the funding of retirement benefits attributable to prior service credit. Nevertheless, noting that appellant would have been required to contribute to the plan from his salary if he had been employed by the city throughout his years of service as a police officer, the judge determined that appellant “should be required to pay to the fund those amounts he would have paid to the City and the City would be required to match his contributions plus pay any additional monies to assure actuarial soundness in the Pension Plan.” She declared that any other interpretation of the prior service credit provision would allow unequal treatment for officers employed solely by the City and would violate section 185.35(l)(g) which requires that the retirement plan shall require participants “to contribute toward the cost of the plan an amount which shall not be less than one percent of salary....” Appellant asserts error in that determination and in the denial of attorney’s fees to him as the prevailing party pursuant to section 185.40, Florida Statutes.
On rehearing, the City asked the trial court to require appellant to pay interest on the amounts he contributes to the fund to receive prior service credit. The judge denied that request, finding that the ordinances relating to the fund do not provide for assessing interest. The City challenges that ruling in its cross-appeal.
*803 Appellant contends that since section 185-35(3) and (5), which clearly govern the City’s pension fund, require that a retirement plan must be in writing and since no provision of the City’s police retirement plan requires that an officer contribute any more to the fund than five percent of the salary he earns while employed by the City, the plan contains no provision for contribution by participants for prior service credit; thus, the court erred in imposing that requirement upon him. We agree.
For the same reason the trial judge correctly found no basis for an award of interest, requiring a contribution from appellant for prior service credit is without any foundation in either the City Code provisions which are applicable in this case or Chapter 185, Florida Statutes. Section 185.35(l)(g) merely provides that participants shall contribute toward the cost of the plan an amount which shall not be less than one percent of salary. Appellant has more than met that requirement and the requirements of section 2-306(b) of the City Code by the fact that he contributed five percent of his salary during the years he was employed by the City. Pursuant to Chapter 185 and its own code provisions, the City is responsible for any additional contributions required to make its plan sound. Accordingly, we find no basis for the trial judge’s ruling. Therefore, we reverse her determination that the City is entitled to contribution from appellant for his credited prior years of service. We further find that since appellant is the prevailing party in this action, which sought declaratory relief pursuant to the City Code and Chapter 185, Florida Statutes, he is also entitled to recover from the City his costs and reasonable attorney’s fees under section 185.40, Florida Statutes.
REVERSED.
ERVIN, J., concurs and SHIVERS, Senior Judge, dissents with opinion.